## CIRCUIT COURT OF ACCOMACK COUNTY

Commonwealth of Virginia

   v.

Raymonde Augustave

February 13, 1997

Case No. 96CR114

BY JUDGE GLEN A. TYLER

In this criminal prosecution for distribution of crack cocaine, the Court must decide whether to exclude certain evidence obtained by the Commonwealth as a result of police questioning of the Defendant and a search of her person without a warrant.

An evidentiary hearing on Defendant's pretrial motion to suppress was conducted by the Court on February 11, 1997, at which evidence was presented by the Commonwealth and by the Defendant. The Commonwealth has the burden of proof. The Court finds that the Commonwealth has sufficiently proved, among other facts, those facts set out below which are pertinent to the Defendant's motion.

Law enforcement officers obtained from a cooperating arrestee, named Harold Dickerson, information that he had been buying cocaine from the Defendant. Through Dickerson's cooperation they set up a plan to catch the Defendant when she attempted to collect money for a previous sale of cocaine to Dickerson. The pertinent portion of the surrounding facts is that the officers were called by Dickerson on August 6, 1996, and were informed that the Defendant was on her way to his house that very evening to collect her money for a sale that had been made to him on August 2. The previous sale had been one in which Dickerson had delivered the cocaine to the officers after receiving it. On August 6 the officers rushed to his house only to find that an automobile unfamiliar to them, but not Dickerson's automobile, was already in his driveway. One of the officers then used his car phone to call Dickerson at his home and told him that an officer would drive into his driveway, blow

his horn, and Dickerson was to come out and get marked money to pay the Defendant. The plan was carried out and a few minutes after Dickerson returned into his house with the marked money, the automobile drove away from his driveway, and the officers immediately stopped it on the public highway. The Defendant was found to be a passenger in the automobile, and she was immediately arrested. The automobile was searched and the area from where they had stopped it back to Dickerson's house was searched, but the money could not be found. The officers did not search the person of the Defendant since they were all males and she was a female. The officers promptly took the Defendant to the Sheriff's Office, some twenty or thirty minutes drive from the place of arrest, and within the hour after her arrest she was searched by a female officer who is also a registered nurse. The Defendant was taken into an interrogation room and required by the female officer to remove all of her clothes. Money which turned out to be the marked money was seen by the officer hidden between the cheeks of Defendant's buttocks and not within any body cavity. Defendant handed the money to the officer after being told if she did not do so the officer would get a Court order.

The foregoing is the essence of the matter, but the transcript should be reviewed for further details, all of which taken together clearly show that the officers had probable cause to arrest the Defendant and probable cause to search her personally within the time period and at the place that she was searched in order to find the marked money. The procedure conducted by the female officer at the Sheriff's Office was reasonable in that the Defendant was required to take off all of her clothes in a private room and to bend over, thus revealing to the officer's view the money held by the Defendant.

The arrest was lawful, and the search did not require a warrant as it was both incident to arrest and incident to the Defendant and all clothing and objects on her person being in custody for purposes of incarceration. *United States v. Edwards*, 415 U.S. 800, 39 L. Ed. 2d 771 (1974). See 68 Am. Jur. 2d, *Search and Seizure*, § 171, and cases there cited. *Illinois v. Lafayette*, 462 U.S. 640, 77 L. Ed. 2d 65 (1983). The privacy interest protected by the Constitution is abated by a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 38 L. Ed. 2d 427 (1973).

The evidence discovered as the result of the search of the Defendant's person, that is, the seizure of the money at the Sheriff's Office, will not be excluded from evidence.

The search, at the scene of the arrest, of the Defendant's pocketbook and the seizure of the pager found in her pocketbook will not be suppressed as it was a search and seizure incident to a lawful arrest and, therefore, no warrant was required.

Regarding statements made by the Defendant to the police, to the extent that Defendant made incriminating statements responding to the officers' questions during or after her arrest and before she signed a police form refusing to respond to interrogation, they will be suppressed. Such statements are not suppressed as having been made involuntarily, because the evidence discloses that they were voluntary. They are suppressed as having resulted from custodial interrogation without adequate warning to the Defendant and waiver by her according to familiar principles of law.