# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Clarence Antonio Motley

January 6, 1999

Case No. CR98-1736

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant was lawfully arrested for an unrelated offense and incarcerated in the Roanoke City Jail. He was initially searched by his arresting officer and later given a more thorough search by the jailer when processed. After the jailer's search, Defendant was issued jail clothing. His personal clothing was placed in a numbered bag in the jail property room. Approximately two weeks later, the sheriff's office received an anonymous telephone tip that the jailer had failed to locate 24 grams of crack cocaine which were concealed in the Defendant's pants. The sheriff, acting on the tip, removed Defendant's clothing from the property room and located a golf-ball sized amount of crack cocaine concealed in the Defendant's under clothes. The seizure of these drugs resulted in the Defendant being charged with possession of cocaine with the intent to distribute. Defendant has moved to suppress the evidence as the product of an illegal search, claiming that it was accomplished without consent or warrant. The Commonwealth argues that the search and seizure was proper. The Court finds in favor of the Commonwealth.

The Fourth Amendment to the Constitution of the United States of America is as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause,

supported by oath or affirmation, and particularly describing the places to be searched, and the persons or things to be seized.

This means that unreasonable searches and seizures of areas where a person has a reasonable expectation of privacy are not allowed and that (with certain judicially-recognized exceptions such as a search incident to arrest) a reasonable search and seizure shall not occur without the issuance of a valid search warrant based upon probable cause.

In our case, once the Defendant was lawfully arrested, and especially after he was searched and his clothing was seized and taken into the custody of the sheriff, he no longer had a reasonable expectation of privacy in them. He had lost one of the incidents of their ownership, that being their possession, both actual and constructive. Having lawfully lost possession of the clothing, his expectation of privacy in them ceased. The Fourth Amendment to the United States Constitution does not apply to areas where one does not have a reasonable expectation of privacy. Defendant's expectation of privacy in his clothing will not again commence until he has lawfully regained possession of them. Accordingly, the rights, protections, and defenses available to the Defendant under the Fourth Amendment to the United States Constitution are not applicable to these facts.

This finding is in keeping with *United States v. Edwards*, 415 U.S. 800, 807 (1974), wherein the Court said that "once the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other. This is true where the clothing or effects are immediately seized upon arrival at the jail, held under the defendant's name in the 'property room' of the jail, and at a later time, searched and taken for use at the subsequent criminal trial." For similar results, see also *Greenfield v. Commonwealth*, 214 Va. 710, 718 (1974), and *Commonwealth v. Augustave*, 41 Va. Cir. 381 (1997).

The motion to suppress the evidence resulting from the search of the Defendant's clothing is denied.